JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Samuel Smith appeals from his convictions after a jury trial for burglary and two counts of theft.
 {¶ 2} Appellant presents three challenges to his conviction for burglary. He contends the indictment against him for that offense was faulty, the trial court improperly instructed the jury on an element that was not contained in the indictment, and his conviction for that offense is unsupported by the weight of the evidence. Appellant also asserts his trial counsel rendered ineffective assistance.
 {¶ 3} Following a review of the record, this court finds none of appellant's challenges has merit. His assignments of error, therefore, are overruled.
 {¶ 4} Appellant's convictions stem from two separate incidents that occurred in the apartment building in which, at the time, he stayed with his sister. The first occurred on October 21, 2001.
 {¶ 5} Olga Grinberg resided in a second floor apartment of the building with her husband Dimitriy. She heard a knock on the door, and looked through the "peep-hole" to notice that appellant stood in the hallway outside. Since Grinberg knew appellant as a downstairs neighbor, she opened the door.
 {¶ 6} Appellant explained his telephone was not working. He requested to use Grinberg's. Appellant had made this same request on several previous occasions, so Grinberg acquiesced and ushered him into her apartment.
 {¶ 7} After he finished his call, appellant asked Grinberg for some change for a dollar bill. She at that point retrieved her purse from its place nearby on the floor and removed her wallet from it. Before Grinberg obtained any coins, however, appellant changed his mind. He told her not to bother with that, but asked if she would go to the kitchen to get him a glass of water.
 {¶ 8} Grinberg thereupon placed her wallet on the desk and caused appellant to accompany her into the kitchen. She presented some bottled water to him, but appellant declined; he indicated he would prefer water from the tap. Grinberg was required to move away from him to her kitchen sink in order to accede to his desire.
 {¶ 9} As she filled a glass from the faucet, appellant suddenly "rushed" from the kitchen. His action surprised Grinberg. She turned to see him fleeing past the desk and out the apartment door. Appellant did not stop, although she followed him, calling out, "Don't you want your water?" He responded that he didn't need it anymore as he ran downstairs. Grinberg immediately noticed that her wallet no longer sat upon the desk.
 {¶ 10} Although she reported the incident to the police, Grinberg never recovered either the wallet or its contents, viz., a credit card, her driver's license, and $15 in cash.
 {¶ 11} The second incident occurred on January 2, 2002. Another second-floor resident of the building, Huiling Wang, was home with her school-age daughter in the morning when she heard a knock on the door. She looked out to see appellant standing in the hallway.
 {¶ 12} Although appellant was known to Huiling, her husband, Yngpend Du, had cautioned her not to permit appellant to enter without him present. Thus, she asked appellant what he wanted through the door. Appellant wanted to know whether Yngpend was there. Upon being informed by Huiling her husband was at work, appellant left.
 {¶ 13} However, a short time later, appellant returned. This time, he stated his bathroom ceiling had a leak, and requested the use of Huiling's telephone. Believing his visit was in the nature of an emergency, Huiling permitted appellant to enter.
 {¶ 14} Huiling ushered appellant to the sofa before proceeding into the bedroom to obtain her cordless telephone. After she presented it to appellant, he then additionally asked her for writing materials. Huiling walked over to her desk to obtain them. Her laptop computer sat upon the desk next to the pen she retrieved.
 {¶ 15} Appellant accepted the pen and paper and began to write as he spoke on the telephone. Since he had some difficulty in writing while seated, he rose and moved over to the desk to use its surface.
 {¶ 16} Appellant soon completed his call, but before departing, he asked Huiling for a cup of tea. Huiling left him near the desk as she went to the kitchen to prepare the refreshment. She returned to see appellant already standing at the door. He held his left arm stiffly at his side, accepted the cup from her with his right hand, and left.
 {¶ 17} Huiling turned from the door after his departure and quickly noticed that her computer was gone. Although she rushed out to the hallway, appellant had fled; she saw through the hallway window that appellant was outdoors, running away still with his left arm held tightly to his body. Huiling telephoned the police.
 {¶ 18} Appellant subsequently was indicted in two separate cases as a result of these incidents. Case No. CR-418703 charged appellant with one count of burglary and one count of theft relating to the October, 2001 incident. Case No. CR-421207 charged appellant with one count of burglary and one count of theft relating to the January, 2002 incident. The cases were consolidated for appellant's jury trial; the trial court renumbered the counts of CR-421207 as counts "three and four" of CR-418703.
 {¶ 19} After hearing the testimony of the state's witnesses and appellant's mother, the jury found appellant not guilty of burglary in count one, but guilty of the remaining three counts. The trial court ultimately sentenced appellant to consecutive terms of ten months for the two theft convictions and six years for the burglary conviction.
 {¶ 20} Appellant presents four assignments of error for review. Since they are related, the first two are addressed together as follows:
 {¶ 21} "I. The Indictment For Burglary Is Invalid As It Did Not Include All The Elements Of The Offense Charged.
 {¶ 22} "II. The Trial Court Erred By Instructing The Jury As To The Elements Of Burglary Which Were Not Included In The Indictment."
 {¶ 23} In these assignments of error, appellant argues his conviction for burglary must be reversed. He contends his indictment for that offense violated his constitutional rights to be notified of the specific elements of the crime.[1] He further contends the trial court improperly supplied unindicted elements by instructing the jury it could convict him if the state "established * * * that at the time in question there was present in [the appellant's] mind * * * a specific intent to commit a theft." Appellant's contentions lack merit for several reasons.
 {¶ 24} First, the record reflects appellant raised no objection in the trial court either to the wording of the indictment against him or to the instructions provided to the jury. Hence, he has waived these issues for purposes of appeal. State v. Williams (1977), 51 Ohio St.2d 112.
 {¶ 25} Second, the contention appellant raises previously has been addressed and decided against him. In State v. Conway (Jan. 18, 2001), Cuyahoga App. No. 77436, this court observed that an indictment for burglary "must include the element that the defendant had the intent to commit a felony, but * * * the indictment is not improper if it does not designate and define the particular felony intended to be committed." (Emphasis added.)
 {¶ 26} Third, since appellant was indicted in conjunction with the offense of burglary for the offense of theft, he was provided with notice of the particular underlying felony the state sought to prove.[2]
 {¶ 27} For the foregoing reasons, appellant's first and second assignments of error are overruled.
 {¶ 28} Appellant's third assignment of error states:
 {¶ 29} "III. The Convictions Were Against The Manifest Weight Of The Evidence."
 {¶ 30} Despite the phraseology in this assignment of error, appellant actually challenges only his conviction for burglary on the basis that it does not comport with the weight of the evidence. Appellant's challenge cannot be credited.
 {¶ 31} In reviewing the weight of the evidence, this court examines the entire record to determine whether in resolving conflicts in the evidence, the jury clearly lost its way, creating a manifest miscarriage of justice that requires reversal of the conviction. Statev. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. This court remains mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the jury to consider. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 32} In this case, the jury heard Huiling testify that she permitted appellant entry into her apartment only after he came a second time to her door with a story about a leak that required repair, that she saw her laptop computer as she handed appellant writing material, that appellant sent her into the kitchen, that she returned to see him clutching his left arm to his side, and that after appellant left, she immediately noticed the computer was missing. From this testimony, the jury reasonably could conclude appellant entered the dwelling on a pretext, and thereby forfeited any consent Huiling gave him to enter.State v. Lee, Auglaize App. No. 2-2000-10, 2000-Ohio-1931. The jury also could conclude appellant was the only person who could have taken the item.
 {¶ 33} Since the evidence provides support for the jury's finding of guilt, appellant's conviction is not against the manifest weight of the evidence. Accordingly, his third assignment of error also is overruled.
 {¶ 34} Appellant's fourth assignment of error states:
 {¶ 35} "IV. The Appellant Was Denied Effective Assistance Of Trial Counsel When Trial Counsel Failed To Object To A Faulty Indictment, Agreed To An Inaccurate Answer To A Jury Question And Opened The Door To Inadmissible `Other Acts' Evidence."
 {¶ 36} Appellant claims his defense attorney committed three unprofessional mistakes during his representation of appellant. He contends trial counsel should have challenged the burglary counts of the indictment for vagueness, should have omitted any questions to Grinberg regarding her suspicion that appellant previously had stolen something from her, and, further, should have objected when the trial court later answered a jury question pertaining to Grinberg's answers.
 {¶ 37} Appellant's claim of ineffective assistance of counsel requires him to demonstrate that counsel not only fell below an objective standard of reasonable representation, but also that appellant was prejudiced thereby. State v. Bradley (1989), 42 Ohio St.3d 136. Trial counsel, however, is strongly presumed to have acted in a professional manner, and he is not required to perform vain acts. State v. Smith
(1985), 17 Ohio St.3d 98; State v. Johnson (May 31, 2001), Cuyahoga App. No. 78305. With these principles in mind, appellant cannot make the required demonstration in this case.
 {¶ 38} As hereinbefore stated, counsel lacked any reason to dispute appellant's indictment based upon its language, since it was statutorily appropriate. In addition, appellant's other two claims regarding Grinberg's testimony and the jury's question about it both fall under the ambit of trial strategy.
 {¶ 39} A review of the record demonstrates trial counsel took advantage of an opportunity presented while Grinberg was testifying. On one hand, Grinberg attempted to convey that she was suspicious of appellant because something had been missing following one of his visits. On the other hand, she admitted she let appellant into her apartment on October 21, 2001 partly because he had been there several times previously without any incidents of theft. Trial counsel's questions were intended to highlight the inconsistency in her testimony. Counsel subsequently acquiesced in the trial court's answer to the jury's question regarding the testimony for that same reason.
 {¶ 40} The fact that the jury acquitted appellant of burglary in the October 21, 2001 incident indicates trial counsel's strategy had success. Under these circumstances, and in view of the otherwise overwhelming evidence of appellant's guilt of the remaining offenses, he cannot support his claim trial counsel provided ineffective assistance.State v. Kimmie (July 2, 1998), Cuyahoga App. No. 72904.
 {¶ 41} Accordingly, appellant's fourth assignment of error also is overruled.
 {¶ 42} Appellant's convictions are affirmed.
PATRICIA ANN BLACKMON, J. and DIANE KARPINSKI, J. CONCUR
[1] Appellant's indictment in CR-421207 tracked the language of R.C.2911.12(A)(1), which prohibits a "person, by force, stealth or deception" from trespassing in an occupied structure when another person other than an accomplice of the offender is present, "with purpose to commit in the structure * * * any criminal offense."
[2] This court also observes that the trial court's instructions with regard to the burglary counts required the jury to find appellant had the intent to commit a theft in order for the jury to render a guilty verdict. After it received the instruction, the jury found appellant guilty of burglary as to only the January, 2002 incident. Thus, although the points mentioned in the body of this opinion render a specific decision on the issue unnecessary, it therefore would appear the challenged instruction in this case essentially complies with the authority appellant cites to support his contention. See, Apprendi v. NewJersey (2000), 530 U.S. 466.